Board of Elections
We acknowledge receipt of your request for an opinion whether a referendum on Steuben County Local Law No. 4 for the year 1979, which would amend Steuben County Local Law No. 1 for the year 1966, is a mandatory or permissive referendum and whether in either case designating petitions should have been filed in the office of the Steuben County Commissioners of Elections by candidates for nomination to run for election to new county offices which the local law would create in certain of the towns in Steuben County to perform the county duties now performed by the town supervisors. Local Law No. 4 was voted upon by the Steuben County Board of Supervisors on July 16, 1979, and it provided that it be subject to referendum on petition if a petition demanding such relief should be filed within 45 days thereafter, which would be August 30 at the earliest.
Municipal Home Rule Law (hereafter MHRL) § 24, subd 1, provides that a local law subject to a referendum on petition "shall not take effect until at least forty-five days after its adoption; nor until approved by the affirmative vote" of the people of the local government at an election if a proper petition is filed demanding a referendum.
In the unlikely event that only a referendum on petition is available to the people, it is our opinion that Local Law No. 4 is not yet effective, no new offices have yet been (and may never be) created thereunder, no designating petitions should have been circulated and filed for those positions, filing of such petitions created no rights in candidates to such designations, the petitions should be disregarded and if no proper petition demanding a referendum is filed and the local law goes into effect after the 45-day waiting period and new offices then exist, the proper means of nominating party candidates is under Election Law §6-116 unless the offices are created after September 20, in which event they cannot be filled in the general election in 1979 (Public Officers Law § 42, subd 1).
However, for the following reasons it is our opinion that such local law is subject to a mandatory referendum; this being the case, the form of the local law, subjecting it to a referendum on petition, is defective and it can never go into effect without being repassed in proper form; it is a nullity and designating petitions filed in contemplation of the new offices created by it are of no effect.
Under the New York State Constitution Article IX, § 1, only a charter county (a county which has adopted an alternative form of county government) may adopt a local law affecting officers of another local government within its boundaries subject to a referendum on petition. All other counties are required to pass such a local law subject to a mandatory referendum. Steuben County is not a charter county. Its representation plan was adopted by Local Law No. 1 for the year 1966 as a result of the judgment in a reapportionment action (Buisch, et ano. vSteuben County, et al.) in which the judgment created the authority and filled the legislative void which existed because MHRL had no provisions for a non-charter county to do this. That statutory authority did not exist until passage of chapter 834 of the Laws of 1969, as amended by chapter 835 of the Laws of 1969. Chapter 834 purported to allow any such change by a non-charter county to be made subject only to a referendum on petition. When it was pointed out that this would be a violation of the above constitutional provision a bill was prepared and introduced to avoid that result; that bill was passed and became chapter 835. It inserted in the new MHRL § 10, subd 1, par a, subpar 13, clause (e) the following proviso:
 "except that such local law shall be subject to a mandatory referendum in any county in which a provision of law requires a mandatory referendum if a local law proposes a change in the form or composition of the elective governing body of the county".
Because of this proviso and the constitutional provision above mentioned, passage of a local law such as that here under consideration must be subject to approval of the electorate at a mandatory referendum.